IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON TIMMONS, #145210, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-886-TMH |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Leon Timmons ["Timmons"], a state inmate and frequent federal litigant, on October 17, 2011. In this complaint, Timmons maintains the conviction on which he is presently incarcerated is unconstitutional as the State obtained this conviction in violation of his privilege against self incrimination. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3.

Upon initiation of this case, Timmons filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing

## II. DISCUSSION

The records of this court establish that the plaintiff, while incarcerated or detained, has on more than three occasions had cases dismissed as frivolous, for failure to state a claim and/or for asserting claims against defendants who were immune from suit.[2]  The cases on which the court relies in finding a § 1915(g) violation are:  (1) *Timmons v. State of Alabama, et al.*, Case No. 2:94-CV-1097-ID (M.D. Ala. 1994); (2) *Timmons v. Harrelson*, Case No. 2:94-CV-420-WHA (M.D. Ala. 1994); (3) *Timmons v. Jones,* Case No. 2:94-CV-281-ID (M.D. 1994); (4) *Timmons v. Jones*, Case No. 2:94-CV-369-MHT (M.D. Ala. 1994); (5) *Timmons v. Alabama Board of Pardons and Paroles*, Case No. 2:93-CV-944-MHT (M.D. Ala. 1993); (6) *Timmons v. Harrelson*, Case No. 2:93-CV-626-MHT (M.D. Ala. 1993); (7) *Timmons v. Smith, et al.*, Case No. 2:93-CV-427-WHA (M.D. 1993); (8) *Timmons v. Harrelson*, Case No. 2:93-CV-322-WHA (M.D. Ala. 1993); (9) *Timmons v. Saint*, Case No. 2: 93-CV-278-ID (M.D. Ala. 1993); (10) *Timmons v. Armstead*, Case No. 2:93-CV-125-MHT (M.D. Ala. 1993); (11) *Timmons v. Wymble*, Case No. 2:93-CV-20-MHT (M.D. Ala. 1993); (12) *Timmons v. Montgomery Police Dept., et al.*, Case No. 2:92-CV-1352-MHT (M. D. Ala. 1992);

---

fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

[2]The court notes that the plaintiff failed to advise this court of all prior lawsuits he had filed in federal court and thereby omitted the necessary information with respect to the disposition of such cases as required by the form complaint used in this case. *Plaintiff's Complaint - Court Doc. No. 1* at 1-2.  It therefore appears that the plaintiff excluded this relevant information in an effort to avoid this court's application of section 1915(g).  The plaintiff's attempt to circumvent application of the "three strikes" provision of section 1915 and elude payment of the $350.00 filing fee is not well taken.

and (13) *Timmons v. Phelps, et al.*, Case No. 2:92-CV-233-MHT (M.D. Ala. 1992). The preceding list is not exhaustive of the cases summarily dismissed by this court but is merely representative of those cases filed by the plaintiff which were summarily dismissed.

In the instant cause of action, Timmons challenges the constitutionality of a criminal conviction imposed upon him by the Circuit Court of Montgomery County, Alabama sometime in the early 1990's. The allegations set forth in the complaint utterly and completely fail to demonstrate Timmons was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).). Based on the foregoing, the court concludes that Timmons' motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Timmons failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III. CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Leon Timmons

on October 17, 2011 (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.   It is further

ORDERED that **on or before November 17, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2011.

    /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE